**Mark MacDONNELL, Bryan MacDonnell, and Jennifer MacDonnell, Plaintiffs,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Defendant.**

**No. 87 Civ. 2784 (KTD).**

United States District Court, S.D. New York.

June 22, 1988.

Peter Hirsch, New York City, for plaintiffs.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for I.N.S.; Noel Anne Ferris, Sp. Asst. U.S. Atty., of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Defendant Immigration and Naturalization Service ("INS") moves for an order dismissing the complaint pursuant to Fed. R.Civ.P. 12(b)(1) and (6), and for sanctions pursuant to Fed.R.Civ.P. 11. Plaintiffs cross-move for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons discussed below, defendant's motion for dismissal is granted; defendant's motion for sanctions is denied; and plaintiffs' motion for summary judgment is denied.

## FACTS

Audrey MacDonnell, mother of the plaintiffs in this action, is a permanent resident alien of the United States. She and her husband had obtained the status of "lawful permanent residents" of the United States in 1965 when Sheila, their eldest daughter, was born in this country. The MacDonnells subsequently abandoned their residence in the United States and lost their permanent resident status. In 1985, six months before Sheila's 21st birthday, the MacDonnell family, including the plaintiffs, their three younger children, returned to the United States as "temporary visitors." [1] Sheila's 21st birthday triggered her ability to file petitions for her parents to once again become permanent residents; she did so, and in October 1986 her parents' status was adjusted from that of visitors to that of lawful permanent residents. Plaintiffs Mark, Bryan, and Jennifer MacDonnell, aged 14, 10 and 9 years respectively were born in, and are citizens of, the Republic of Ireland. The children entered the United States with their parents and older sister in December 1985 as "temporary visitors", and presently reside with their parents in the City of New York. On November 20, 1986, after her own status was adjusted, Mrs. MacDonnell filed visa petitions on behalf of her minor children, pursuant to the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. §§ 1153 (1986) and 1154 (1982 & Supp. IV 1986).[2]

On February 2, 1987, the INS approved the three visa petitions. On February 17, 1987, a "Notice of Approval of Relative Immigrant Visa Petition" was sent to Mrs. MacDonnell for each of the three petitions. These notices stated:

> preference scheme set forth by Congress in the Immigration and Nationality Act of 1952, 8 U.S. C. § 1153. Under 8 U.S.C. § 1154, permanent residents of the United States may file visa petitions to classify their children for preference status by reason of the relationship described in § 1153(a)(2).

---

1. A visitor's visa is available to "an alien ... having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States ... temporarily for pleasure." 8 U.S.C. § 1101(a)(15)(B) (1986).

2. Aliens seeking to immigrate to the United States must obtain an immigrant visa under the

Please be advised that approval of the petition confers upon the beneficiary an appropriate classification. The approval constitutes no assurance that the beneficiary will be found eligible for visa issuance, admission to the United States or adjustment to lawful permanent residence status. Eligibility for visa issuance is determined only when application therefor is made to a consular officer; eligibility for admission or adjustment is determined only when application therefor is made to an immigration officer.

.    .    .    .    .

Your petition for preference classification has been forwarded to the United States Consulate in Dublin. This completes all action by this Service on the petition.

Declaration of Noel Anne Ferris, dated May 13, 1987, Exhibit A at 1, Exhibit B at 1, and Exhibit C at 1. Despite this notice, plaintiffs stayed in the United States beyond the expiration date of their temporary visitor's visas. Neither application to a consular officer for visa issuance, nor application to an immigration officer for adjustment of their status was ever made on behalf of the children.

The next step taken by plaintiffs regarding their immigrant status was to initiate this action against the INS alleging that: (1) the Immigration Reform and Control Act of 1986 ("IRCA") was unconstitutionally enacted; (2) plaintiffs are adversely affected by the IRCA because they can no longer apply directly to the New York INS office to adjust their status to permanent residents, but must leave the United States and apply to the United States consulate in Dublin, Ireland for immigrant visas; and (3) plaintiffs are denied their Fifth Amendment due process rights because the IRCA procedures deny them certain rights to appeal in the event of an adverse administrative decision. Plaintiffs seek a declaratory judgment that the IRCA is null and void because it violates Article I, Section VII of the United States Constitution and the Due Process clause of the Fifth Amendment to the United States Constitution. Plaintiffs further seek an injunction prohibiting the INS from implementing or enforcing the IRCA.

The government argues that plaintiffs have no standing to challenge the IRCA, and that the statute was constitutionally enacted.

By Order to Show Cause, plaintiffs brought a motion for a preliminary injunction prohibiting the INS from implementing and enforcing the IRCA. At the hearing on the Order to Show Cause, both parties agreed that the issue could be decided either by motion for summary judgment or by motion to dismiss the complaint. I granted the parties time to make the motions which are now before me.

## DISCUSSION

Article III of the Constitution limits the jurisdiction of the federal courts to actual "cases" and "controversies." This constitutional requirement that a litigant have "standing" in order to have the federal court adjudicate a dispute means that "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984).

Plaintiffs allege that the IRCA alters the INA by limiting the class of aliens who can now apply for adjustment to permanent resident status in the United States. Section 245(a) of the INA governs the adjustment of an alien's status to permanent alien in the United States and was unchanged by the IRCA. That section provides that:

[t]he status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (1982). Section 245(c) of the INA modifies section 245(a) by enunciating certain categories of aliens to whom section 245(a) does not apply, and was changed by the IRCA. Subsequent to the IRCA, it provides that:

[s]ubsection (a) of this section shall not be applicable to (1) an alien crewman; (2) an alien (other than an immediate relative as defined in section 1151(b) of this title or a special immigrant described in section 1101(a)(27)(H) of this title) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status *or who is not in legal immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own for technical reasons) to maintaim continuously a legal status since entry into the United States;* or (3) any alien admitted in transit without visa under section 1182(d)(4)(C) of this title; or (5) an alien (other than an immediate relative as defined in section 1151(b) of this title[ ) ] who was admitted as a nonimmigrant visitor without a visa under section 1182(1) or section 1187 of this title.

8 U.S.C. § 1255(c) (1982 & Supp. IV 1986) (emphasis added) (quoted as in original—no clause (4) has been enacted) (footnote omitted). The IRCA altered section 245(c) by adding the underlined portion to clause (2) of that section. Immigration Reform and Control Act of 1986 § 117, Pub.L. No. 99–603, 1986 U.S.Code Cong. & Admin.News (100 Stat.) 3359, 3384 (codified at 8 U.S.C. § 1255(c)). Plaintiffs concede that they have not maintained continuous legal status since their entry into this country, and therefore they protest that section 245(a) of the INA is no longer available to them for adjustment of status.

However, even if operation of the IRCA were enjoined, and section 245(a) of the INA were applicable to plaintiffs, they still would not be eligible to obtain an adjustment of status to that of permanent resident. Plaintiffs do not dispute that they have not made applications for an adjustment to permanent residence, and therefore have not complied with section 245(a)(1) of the INA. In addition, and contrary to section 245(a)(3) of the INA, no immigrant visas are immediately available to plaintiffs. The INA sets forth numerical and chronological limitations for issuance of visas and classifications for which visas will be allotted. There were no visas immediately available to applicants in plaintiffs' class at the time their visa applications were approved, at the time this action was filed, or even at the time this motion was made. Declaration of Special Assistant United States Attorney Noel Anne Ferris, Exh. D and E.

Even if operation of the IRCA were enjoined as being unconstitutionally enacted, plaintiffs would not be eligible to obtain permanent resident status, which is the ultimate relief they seek. Plaintiffs have alleged neither a personal injury caused by the defendant's allegedly unlawful conduct, nor a likely redress which would result from a favorable outcome in this action. Therefore, plaintiffs do not have standing to challenge the IRCA's enactment.

For the reasons stated above, defendant's motion to dismiss the complaint is granted; defendant's motion for sanctions is denied; and plaintiffs' motion for summary judgment is denied.

SO ORDERED.